22-1549-cr
United States v. Cruz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 22-1549-cr

JORLY CRUZ,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT: Darrell Fields, Federal Defenders of New York, Inc., New York, NY

FOR APPELLEE: Bradley T. King (Susan Corkery, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Jorly Cruz appeals from a July 13, 2022 judgment of the District Court (Brown, *J.*) convicting him after a jury trial of possessing with intent to distribute cocaine, cocaine base, and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Cruz challenges the District Court's denial, after a suppression hearing, of his motion to suppress evidence of drugs and a firearm seized during a warrantless search of his bedroom, as well as his pre- and post-arrest statements to the police. Cruz also challenges the District Court's denial of his post-trial motion to reopen the suppression hearing based on newly discovered evidence. We assume the parties' familiarity with the underlying facts and the

2

record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"On appeal from a motion to suppress, we review a district court's conclusions of law *de novo* and its conclusions of fact for clear error." *United States v. McKenzie*, 13 F.4th 223, 231 (2d Cir. 2021). When, as here, we review the denial of a motion to suppress, "we view the evidence in the light most favorable to the government, and we give special deference to findings that are based on determinations of witness credibility." *United States v. Delva*, 858 F.3d 135, 148 (2d Cir. 2017) (cleaned up). Accordingly, when a district court's factual finding "is based on [its] decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985); *see United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001); *United States v. Maldonado-Rivera*, 922 F.2d 934, 972 (2d Cir. 1990).

Understanding that "a search authorized by consent is wholly valid," *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973), Cruz first challenges the District Court's finding that he voluntarily consented to the warrantless search of

3

his home.  The Government has "the burden of proving that [Cruz's] consent was, in fact, freely and voluntarily given."  *United States v. O'Brien*, 926 F.3d 57, 75–76 (2d Cir. 2019) (quotation marks omitted).  The District Court determined that the credible testimony of law enforcement officers, combined with contemporaneous written statements from the officers and Cruz adduced at the hearing, established that Cruz had voluntarily consented to the search of his bedroom.  *United States v. Cruz*, No. 20-cr-321 (GRB) (SIL), 2021 WL 4482658, at *9–10 (E.D.N.Y. Aug. 13, 2021), *adopted*, 2021 WL 4480667 (E.D.N.Y. Sept. 30, 2021).

Applying clear error review, we see no basis to disturb the District Court's finding that Cruz voluntarily consented to the search.  At the suppression hearing, Officers Thomas Corso and Michael Filippazzo testified that they and several other officers came to Cruz's residence to search for a fugitive for whom they had an arrest warrant.  App'x 106–07 (Corso), 190–97 (Filippazzo).  Corso and Filippazzo testified that Cruz voluntarily gave permission for the officers to enter and search his residence.  App'x 107–12 (Corso), 202–03 (Filippazzo).  Their testimony was corroborated by a signed statement from Cruz confirming that he had informed the police "to go inside and to check the house for [the fugitive]"

4

and signed a form giving the officers permission to conduct a more thorough search of his room. App'x 88–90. Multiple officers also testified that Cruz was cooperative throughout the search, consistent with his initial voluntary consent. App'x 202–03, 337–39.

Urging a contrary conclusion, Cruz points to suppression hearing testimony from two of his co-tenants that the officers entered the residence without first obtaining anyone's consent and with their guns drawn. App'x 418–20, 449–50. Based on that testimony and the fact that the same officers were searching for a "high risk" fugitive, carrying guns, and wearing tactical gear, Cruz contends that the District Court should not have credited the officers' testimony that they obtained consent before searching the residence.

We disagree. The Magistrate Judge who presided over the suppression hearing was able to observe each witness and was entitled to find Cruz's co-tenants not credible. *Cruz*, 2021 WL 4482658, at *3. The Magistrate Judge also found that Cruz's consent was uncoerced after pointing out that, among other things, Cruz was not handcuffed, threatened, or forced out of his residence at gunpoint. *Id.* at *9–10. This factual finding is not clearly erroneous. *See United States v. Ansaldi*, 372 F.3d 118, 129 (2d Cir. 2004), *abrogated on other grounds by*

5

*McFadden v. United States*, 576 U.S. 186 (2015). We accordingly affirm the District Court's denial of the suppression motion based on the finding that Cruz voluntarily consented to the search.[1]

Cruz also challenges the District Court's denial of his post-trial motion to reopen the suppression hearing based on the Government's disclosure, after the hearing but before trial, that fingerprints found on a bag of cocaine seized from Cruz's room belonged to an officer not present during the initial search. We review a district court's decision of whether or not to reopen a suppression hearing for abuse of discretion. *See United States v. Bayless*, 201 F.3d 116, 131 (2d Cir. 2000). Cruz argues that he would have used the fact that the fingerprints belonged to the officer to impeach law enforcement witnesses who testified that they secured the room immediately after their initial search. The District Court denied the motion after concluding that the evidence was not material to the matters established at the suppression hearing. App'x 17.

We agree with the District Court that the fingerprint evidence Cruz identified did not bear on the core finding that Cruz voluntarily consented to the search of his room. *See United States v. Oliver*, 626 F.2d 254, 260 (2d Cir. 1980)

---

[1] We need not and do not reach the District Court's alternative conclusion that the search was a lawful protective sweep incident to the arrest warrant for the fugitive.

(affirming the denial of a motion to reopen where "[n]o new evidence of material significance was offered in support of the motion to reopen").  Accordingly, we conclude that the District Court did not abuse its discretion in denying Cruz's motion to reopen.  *See id.*; *United States v. Tzakis*, 736 F.2d 867, 872 (2d Cir. 1984).

We have considered Cruz's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court